# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
        Plaintiff,

v.                                                               Case No. 05-CR-42

RAFAEL MERCADO
        Defendant.

## SENTENCING MEMORANDUM

On two occasions in 2002, defendant Rafael Mercado sold relatively small amounts of cocaine (two ounces and one ounce, respectively) to a confidential government informant ("CI"). About a month later, he sold the CI a pistol. In 2005, the government charged defendant with two counts of distribution of cocaine contrary to 21 U.S.C. § 841(a)(1) & (b)(1)(C), and felon in possession of a firearm contrary to 18 U.S.C. § 922(g). Defendant pleaded guilty, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. The PSR calculated his offense level as 24 (base level 26 on the drug counts, U.S.S.G. § 2D1.1(c)(7); base level 20 on the gun count, § 2K2.1(a)(2); producing an adjusted level of 27 under § 3D1.4; and minus 3 for acceptance of responsibility) and his criminal history category as III, for an imprisonment range of 63-78 months under the advisory sentencing guidelines.

Defendant requested a non-guideline sentence of 36 months, while the government argued for a sentence within the range. In this memorandum I address the parties' contentions and set forth the reasons for the sentence imposed.

## I. SENTENCING PROCEDURE

In imposing sentence, I consider the factors set forth in 18 U.S.C. § 3553(a), which include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

(5)  any pertinent policy statements issued by the Sentencing Commission;

(6)  the need to avoid unwarranted sentence disparities; and

(7)  the need to provide restitution to any victims of the offense.

I consider the statutory factors sequentially. United States v. Leroy, 373 F. Supp. 2d 887, 894-95 (E.D. Wis. 2005). First, I consider the specifics of the case, i.e. the nature and circumstances of the offense and the history and characteristics of the defendant. § 3553(a)(1). Second, I consider the facts of the case in light of the purposes of sentencing and the needs of the public and any victims. § 3553(a)(2). Finally, I translate my findings and impressions into a numerical sentence. In so doing, I take into account the kinds of sentences available, the sentencing range established by the Sentencing Commission, any

pertinent policy statements issued by the Commission, and any restitution due the victims of the offense. In imposing a specific sentence, I must also seek to avoid unwarranted sentence disparities. § 3553(a)(3)-(7). My ultimate task is, after considering all of the above circumstances, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2). <u>United States v. Galvez-Barrios</u>, 355 F. Supp. 2d 958, 960 (E.D. Wis. 2005).

## II. APPLICATION

### A. Nature of Offense

In April and September 2002, defendant sold cocaine to a CI, and in October 2002 he sold the CI a .357 pistol. These were very serious offenses. Defendant further stated to the CI that he had a source of cocaine, who supplied to him in ½ to 1 kg amounts. More troubling, defendant also discussed robbing the source with the CI, then splitting the drugs. Fortunately, it appeared that the plan never progressed beyond talk.

### B. Character of Defendant

Defendant was 35 years old and had a serious prior record, though most of it was rather old. He was convicted of several serious juvenile offenses involving violence and weapons, which stemmed from his membership in the Latin Kings street gang. In 1988 he was waived into adult court after he attempted to intimidate a witness. In 1989, when he was 19 he was convicted of disorderly conduct while armed and in 1992, when he was 21, he was convicted of possession of marijuana with intent to distribute, while armed. He was sentenced to three years in prison, paroled, then revoked when he was stopped by police

3

with a handgun in the waistband of his pants. He was convicted of felon in possession and sentenced to two years in prison for that conduct.

However, between 1996 and the commission of the instant offenses in 2002 defendant did very well, committing no new crimes. He married in 1996 and has a 14 year old daughter with his wife. He lived with and supported his family. Defendant also left the Latin Kings, which caused the gang to put a "hit" out on him. He was shot three separate times and continued to experience health problems related to the shootings, including a diagnosis of diverticulitis. Defendant's decision to leave the gang displayed a great deal of courage.

Defendant also obtained employment as a painter, at times working for others and at times self-employed. In 1997, he received an award for Hispanic Business of the Year from the Hispanic Chamber of Commerce.

After the commission of these offenses, defendant again appeared to leave the criminal lifestyle. He was arrested for no new offenses between 2002 and 2005. Further, in 2005, defendant obtained a job working as a painter for the City Housing Authority, and he seemed to be doing quite well there. His employer thought highly of him, and he received training in asbestos and lead abatement from the City. Defendant was quite enthusiastic about his job and worked long hours.

C.  **Purposes of Sentencing and Needs of Public**

Defendant argued that he was not a threat given his positive personal qualities, family ties and good job. Although I concluded that there was some uncertainty on this issue given his past, I agreed that defendant seemed to have turned the corner. Nevertheless, there was a need for a substantial period of confinement to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

Defendant owed $2450 in buy money, which he had agreed to pay as a condition of supervised release. He appeared to have some substance abuse issues, and I recommended the 500 hour drug treatment program and included a drug aftercare condition as part of supervised release to deal with this issue.

**D.     Consideration of Guidelines and Imposition of Sentence**

The guidelines called for a term of 63-78 months. Based on defendant's good conduct over the past years, his employment, and his family situation, I found that this range was somewhat greater than necessary to satisfy the purposes of sentencing. I also noted that defendant had serious health problems related to the shootings. He underwent surgery following a recurrence of diverticulitis just over a month prior to sentencing and had over a foot of colon removed. It seemed likely that he would continue to experience health problems.

In order to account for defendant's positive personal qualities, rehabilitative efforts, and health problems I effectively dropped the range by 2 levels. I concluded that a sentence at the low end of the range as modified was sufficient but not greater than necessary. Because the sentence hewed closely to the guidelines and was supported by the facts of the case, it did not create unwarranted disparity.

5

Case 2:05-cr-00042-LA   Filed 11/02/05   Page 5 of 6   Document 24

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 51 months, followed by six years of supervised release. Other conditions of the sentence appears in the judgment.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

6

Case 2:05-cr-00042-LA   Filed 11/02/05   Page 6 of 6   Document 24